IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**Demica D. Hawkins** )
**Plaintiff** ) 3 12 1125
 ) Civil Action No.
v. )
 ) JURY DEMAND
**The Center For Spinal Surgery,** )
**United Surgical Partners International** )
**Defendants** )

FILED
2012 OCT

## COMPLAINT AND JURY DEMAND

Plaintiff, Demica D. Hawkins, by and through counsel hereby complains against the Defendants, The Center For Spinal Surgery and United Surgical Partners International as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory and equitable relief, as well as monetary damages, to redress Defendant's retaliation against and harassment of Plaintiff due to Plaintiff having filed a complaint with the EEOC for redress of racial discrimination in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq; and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101(a)(1) (1991 Repl.).

2. Over the course of Plaintiff's employment with the Defendant, the Defendant has subjected Plaintiff to unlawful discrimination in terms and conditions of employment and unlawful retaliation and harassment. The Defendant changed the terms and conditions of employment of the Plaintiff by assigning her prolonged extra duties without a corresponding increase in pay as was provided for employees under similar circumstances but outside her protected class. The Defendant also refused overtime to Plaintiff despite such considerations being granted to employees outside her protected class.

3. When Plaintiff requested overtime it was denied without reason. When Plaintiff requested a raise and/or promotion to correspond to the extra duties, Defendant assigned those duties to other employees. Plaintiff was told she must train those employees as well as be the "backup" for one of them. As a result of the Defendant's actions, Plaintiff lodged a complaint with the EEOC seeking redress for Defendant's discriminatory actions. Subsequent to Plaintiff filing with the EEOC, she was written up for improperly closing accounts, an infraction in which she contends was overlooked when committed by other similarly situated employees. Plaintiff alleges she was further harassed and retaliated against when told she was violating company policy after having a space heater in her work area, despite other employees being permitted to have them.

4. Defendant's conduct was retaliatory, knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation, and mental anguish and emotional distress.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII, and Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

7. Plaintiff is an African-American female and citizen of the United States. From in or around May 2009 to the present, Plaintiff has been an employee of The Center for Spinal Surgery. At all relevant times, Plaintiff meets the definition of "Employee" under all applicable statutes.

8. Defendant is a corporation headquartered in Tennessee and is authorized to conduct business in the State of Tennessee with its principal executive office located at 2011 Murphy Avenue, 4th floor, Nashville, TN 37203. Defendant is an entity of United Surgical Partners International. At all relevant times, Defendant met the definition of "Employer" under all relevant statutes.

## PROCEDURAL PREREQUISITES

9. Plaintiff has complied with all statutory prerequisites for filing this action.

10. On or about November 8, 2010, Plaintiff filed a Verified Complaint (the "November 8, 2010 Complaint) with the EEOC charging Defendant with unlawful discriminatory practices with regards to its refusal to grant Plaintiff a pay raise and/or a promotion. On February 2, 2011, Mrs. Hawkins received a written reprimand and she subsequently filed a retaliation claim with the EEOC.

11. On August 2, 2012, Plaintiff received the EEOC findings dated July 31, 2012, in favor of Plaintiff on her initial complaint of discrimination as violative of the terms and conditions of employment rather than denial of promotion, which is still unsettled.

12. On August 2, 2012, Plaintiff received the EEOC's Notice of Right to Sue dated July 31, 2012 as to her retaliation complaint.

## FACTUAL BACKGROUND

13. Plaintiff began working for Defendant in February 2009, as an accounts payable clerk.

14. In March 2009, Defendant asked Plaintiff to accept the additional duties of payroll clerk and human resources manager.

15. On multiple occasions Defendant specifically referred to Plaintiff in titles related to these additional duties.

16. During this period, Defendant acknowledged Plaintiff's hard work and excellent performance through performance reviews which resulted in a small merit raise. However, Plaintiff was never compensated for assuming the additional duties.

17. Plaintiff was denied overtime, despite overtime being granted to white employees doing related tasks during the same period.

18. During this period Defendant awarded raises to at least five (5) employees, all of whom were white, for additional duties they had accepted.

19. In July 2010, Plaintiff proposed to Defendant that she receive a promotion to change her job title to accommodate the three (3) jobs she had been doing since March 2009, with a corresponding raise of $20,000.

20. On July 26, 2010, Defendant informed Plaintiff that instead of giving her a raise, her payroll duties would be assigned to employee "Lindsey Patterson", and her human resources duties to fellow employees "Angie Crowe" and "Elissa Christiansen." Defendant also directed Plaintiff to train Ms. Patterson on payroll duties and Ms. Crowe and Ms. Christiansen on human resources duties. She was further told that she would serve as "backup" to Lindsey Patterson.

21. Plaintiff subsequently filed a complaint with the EEOC on November 8, 2010, alleging discrimination for Defendant's failure to promote her.

22. On November 30, 2010, Plaintiff made a clerical error by not properly following new guidelines in closing monthly accounts. This resulted in overpayment to a vendor. Despite the error, Plaintiff's immediate supervisor, Angie Crowe, signed off on this transaction.

23. At the time of the error, Plaintiff had been out of the office for four (4) days. During that period

no employees entered any invoices into accounts payable even though employees had been assigned as backup for Plaintiff. Plaintiff believes the extra volume she had to deal with contributed to the error.

24. Prior to the discovery of the error by others, Plaintiff was able to identify it and actually was working with the vendor on collecting the overpayment.

25. Plaintiff is aware of other employees engaged in account payables at other offices run by the Defendant who made similar mistakes without being reprimanded.

## COUNT I: RETALIATION UNDER TITLE VII, SECTION 1981 AND THE TENNESSEE HUMAN RIGHTS ACT

26. Plaintiff incorporates by reference paragraphs 1-25.

27. Plaintiff took a protected action under Title VII by filing a discrimination complaint with the EEOC on November 8, 2010.

28. As a result of this, Plaintiff was retaliated against in the form of a reprimand on February 2, 2011.

29. All of the Plaintiff's evaluations prior to the reprimand had been positive.

30. Plaintiff's conduct in performing the task for which she was reprimanded does not deviate from previous months.

31. Plaintiff contends other accounts payable clerks working throughout Defendant's company-wide structure have made similar errors without being reprimanded.

32. The timing of the reprimand and the failure to issue reprimands for other similarly situated employees who made similar mistakes in the past shows a causal connection between the Plaintiff's filing of a discrimination claim with the EEOC and the retaliatory reprimand she

received.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. Entry of judgment in favor of Plaintiff against Defendant;

2. A declaratory judgment that the reprimand by the Defendant was unwarranted and retaliatory in nature;

3. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

4. An award to Plaintiff for exemplary and/or punitive damages in an amount to be shown at trial;

5. An award to Plaintiff for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42 U.S.C. Section 1981A, 42 U.S.C Section 1988 and as provided under state law;

6. An award of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL CLAIMS ALLOWED BY LAW

        Respectfully Submitted,
        THE WHITE LAW GROUP, PLLC

        _/s/ Quenton White_
        Quenton I. White, BPR#015136
        John M. Drake, BPR #030532
        Attorney for Demica D. Hawkins
        942 Jefferson Street
        Nashville, Tennessee 37208
        (615) 271-2192

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to Mr. Charles Grant, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Baker Donelson Center, Suite 800, Nashville, Tennessee 37201, on this the 30th day of October, 2012.

_____
Quenton I. White