# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DEMICA D. HAWKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil No. 3:12-cv-01125 |
| v. | ) | Judge Sharp |
| | ) | |
| THE CENTER FOR SPINAL SURGERY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum

Pending before the Court is Plaintiff, Demica D. Hawkins', Motion to Strike the affirmative defense of Defendant, The Center for Spinal Surgery (Docket No. 100), and her Motion to Compel Discovery (Docket No. 113). For the reasons that follow, both Plaintiff's Motion to Strike and her Motion to Compel Discovery will be denied.

### I. Motion to Strike

Plaintiff argues that Defendant's affirmative defense based on the after-acquired evidence doctrine should be stricken because it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Defendant, however, contends that it pled the defense in its Answer as its ninth affirmative defense, which states as follows: "In the event that [Defendant] discovers or otherwise learns of evidence to which the 'after-acquired' evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine." (Docket No. 9 p. 7).

1

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Rule 8(c), entitled, "Affirmative Defenses," states that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to respond." Murphy v. Lazarev, 589 Fed. Appx. 757, 764 (6th Cir. 2012) (citing Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997)). "Therefore, '[a] defendant does not waive an affirmative defense if the defense is raised at a time when plaintiff's ability to respond is not prejudiced,' and even raising it in a motion for summary judgment may not be too late." Lindley v. American Home Mortg. Servicing, Inc., 2012 WL 5877947 (M.D. Tenn. Nov. 20, 2012) (citing R.H. Cochran & Assoc., Inc. v. Sheet Metal Workers Intern. Ass'n Local Union No. 33, 335 Fed. App'x 516, 519 (6th Cir. 2009)). "[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" Id. (citing Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993)). For the reasons that follow, the Court finds that Defendant's ninth affirmative defense together with Defendant's conduct in the course of discovery are sufficient to put Plaintiff on notice of Defendant's intention to use the after-acquired evidence defense. Further, the Court finds that denying Plaintiff's Motion to Strike will not result in prejudice to Plaintiff. Accordingly, the defense will not be stricken.

Plaintiff asserts that Defendant's ninth affirmative defense must satisfy the heightened pleading standard enunciated by the Supreme Court in the cases of Iqbal and Twombly. See Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Two judges in this district, however,

2

have found that Sixth Circuit case law limits Iqbal and Twombly to pleadings in complaints. Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., 2011 WL 4729811, at *13-14 (M.D. Tenn. Oct. 7, 2011); McLemore v. Regions Bank, 2010 WL 1010092, at 13 (M.D. Tenn. Mar. 18, 2010). The Sixth Circuit does not require a defendant to meet the Twombly/Iqbal standard when pleading an affirmative defense; rather, an affirmative defense will be held to be sufficient as long as it gives fair notice of the nature of the defense. Id. Although some district courts support Plaintiff's position regarding the affirmative defense pleading standard (see, e.g., HCRI TRS Acquirer LLC v. Iwer, et al., 708 F.Supp. 2d, 687, 691 (N.D. Ohio, April 28, 2010)), this Court agrees with and will follow the prevailing view in the district. As such, Defendant's affirmative defense will be analyzed under a "fair notice" standard.

In the Sixth Circuit, an affirmative defense "may be pleaded in general terms and will be held to be sufficient…as long as it gives plaintiff fair notice of the nature of the defense." Lawrence v. Chabot, 182 Fed. Appx. 442, 456 (6th Cir. 2006). Under this standard, courts have refused to strike the following affirmative defenses: "[D]efendants are entitled to qualified immunity for all activities complained of in this complaint," (Id); "Plaintiffs' claims are barred by the doctrine of res judicata," (Davis v. Sun Oil Co., 148 F.3d 606, 612 (6th Cir. 1998)); "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose," (Montgomery v. Wyeth, 580 F.3d 455, 467-68 (6th Cir. 2009)).

Although Defendant's ninth affirmative defense, standing alone, is less clear than the defenses described above due to its contingent nature, the Court finds that it constitutes fair notice under the Rules when considering its effect in combination with other events conferring notice arising during the course of discovery. See Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th

3

Cir. 1989) ("[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'")

For example, at Plaintiff's deposition on August 28, 2013, she was questioned about whether she took confidential company information, whether she had permission to take such information, and whether such actions, if perpetrated, would be considered against company policy. (Docket No. 79-1). At Plaintiff's second deposition on March 17, 2014, she was questioned about a specific incident of wrongful conduct; namely, whether she downloaded documents belonging to her employer onto a flash drive. During the course of questioning, Plaintiff admitted that the flash drive was at her home, and Defendant requested that Plaintiff provide him with a copy. (Docket No. 79-3). These events illustrate, at the very least, Defendant's interest in proving that Plaintiff participated in the type of wrongful conduct that could give rise to an affirmative defense based on the after-acquired evidence doctrine. Given Defendant's ninth affirmative defense (asserting the after-acquired evidence defense if evidence supporting its assertion should arise), the lines of questioning at Plaintiff's depositions, Plaintiff's answers to those questions, and Defendant's request for a copy of the flash drive should have put Plaintiff on notice that Defendant would likely utilize the defense.

Moreover, the Court notes that, as discussed below, discovery will be reopened in this case to afford Plaintiff a chance to gather evidence to rebut the after-acquired evidence defense. Thus, no prejudice will result from the Court's refusal to strike the defense. See Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997) (finding no prejudice to plaintiff and no abuse of discretion where district court permitted affirmative defenses to be raised in the second motion for summary judgment and where the court extended the trial date in order to give the plaintiff an

opportunity to fully respond to and brief the issues.)  Because the Court finds that Plaintiff received proper notice under the Rules and Plaintiff is unlikely to be prejudiced by Defendant's assertion of the after-acquired evidence defense, the Court will deny Plaintiff's Motion to Strike.

**Additional Requests**

In her Motion to Strike, Plaintiff makes several additional requests to the Court. Specifically, she asks that, in the event that her Motion to Strike is denied, the Court order as follows:

1) "within three days of any ruling denying the motion Defendant be required to amend its answer spelling out the particulars of the defense including the exact date it first learned of any alleged misconduct;

2) within seven days of the court's order Defendant be required to provide Plaintiff a copy of all documents allegedly "stolen" by the Plaintiff, to state when such documents were allegedly stolen, to provide a list of every employee who has ever been terminated for such an offense, a list of all employees or former employees who have filed EEOC claims against the Defendant within the last five years and a list of all witnesses who may have discoverable knowledge of Plaintiff's alleged wrongdoing;

3) reopen discovery for the limited purpose of allowing Plaintiff to take depositions of any witness with discoverable knowledge of any alleged wrongdoing upon which the after acquired evidence defense is based, if she so chooses; and

4) order that in the event such a defense is proffered the effect of such defense only impacts damages from and after the date of Defendant's amended answer as requested in paragraph 1 above."

(Docket No. 101).

Plaintiff does not cite any supporting authority for her request that the Court require Defendant to amend its answer "spelling out the particulars of the defense including the exact date it first learned of any alleged misconduct."  However, the Court finds that district courts in this Circuit frequently allow defendants the opportunity to amend their answers to comport with the requirements of Federal Rule of Civil Procedure 8(c)(1), and some courts require an

5

appropriate amendment before the after-acquired evidence defense may be raised at trial.  See e.g., Woods v. FacilitySource, LLC, 2014 WL 1783942 at *2-4 (S.D. Ohio, May 5, 2014); Mills v. United Producers, Inc., 2012 WL 3870220 at *24 (E.D. Mich. Sept. 6, 2012); Nemeth v. Citizens Fin. Grp., 2012 WL 3262876 at 5 (E.D. Mich. Aug. 9, 2012); Spinner v. B&P Process Equip., 2012 WL 195374 at *2-3 (E.D. Mich. Jan. 24, 2012).  Although the Court finds that Defendant's ninth affirmative defense is sufficient under the Rules when combined with events in discovery giving rise to alternative means of notice, the Court will, out of an abundance of caution, require the Defendant to amend its answer so that the ninth affirmative defense more clearly comports with Rule 8.

With regard to Plaintiff's fourth request, the Court finds that an order limiting the effect of the after-acquired evidence defense is inappropriate under these circumstances.  Generally, if a defendant successfully proves an after-acquired evidence defense, the plaintiff's remedy is limited to backpay starting from the date of the unlawful discharge to the date the defendant employer learned of plaintiff's wrongdoing.  Brenneman v. MedCentral Health System, 366 F.3d 412, 416 fn. 2 (6th Cir. 2004) (citing McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 361-63 (1995)).  In fashioning relief, the court may take into account "extraordinary equitable circumstances that affect the legitimate interests of either party."  Id.  Plaintiff argues that Defendant's failure to clearly and plainly plead its defense requires the court to exercise its equitable discretion to limit the effect of the after-acquired evidence doctrine; however, because the Court finds that Plaintiff will not be prejudiced by Defendant's assertion of the after-acquired evidence defense, the Court will not grant Plaintiff's fourth request.

Plaintiff's remaining requests essentially ask the Court to reopen discovery to provide Plaintiff with the opportunity to gather evidence regarding Defendant's after-acquired evidence

defense. Federal Rule of Civil Procedure 16(b)(4) allows a court to modify the discovery schedule "only for good cause." The Court finds good cause to modify the scheduling order. Plaintiff seeks to modify based on Defendant's assertion of the after-acquired evidence defense. Plaintiff received notice of the defense, in part, through events occurring at Plaintiff's depositions. One of these depositions occurred less than a month before the close of discovery.[1] In an effort to avoid any prejudice to Plaintiff, the Court will permit an extension of the discovery deadline in order to allow both parties additional discovery regarding the after-acquired evidence defense.

## II.  Motion to Compel Discovery

Plaintiff moves the Court to enter an order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) to compel the Defendant to respond to a set of six interrogatories and two requests for production of documents propounded on August 12, 2014 related to the after-acquired evidence defense. The Defendant opposes the motion on the grounds that the discovery requests were untimely. The Court agrees, and the Motion to Compel is denied.

Nevertheless, for reasons already articulated herein, the Court finds good cause to reopen discovery in this case, and will extend the discovery deadline until Friday, May 15, 2015.

## III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Strike and Motion to Compel will be denied. Additionally, the defendant will be required to amend its answer and the discovery deadline in this case will be modified in accordance with the Court's Order regarding this matter.

---

[1] The fact discovery deadline for this case was extended to April 1, 2014 through a Court Order (Docket No. 57) entered on December 10, 2013.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE