UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMICA D. HAWKINS, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 3:12-1125 |
| v. | ) Chief Judge Sharp/Bryant |
| | ) **Jury Demand** |
| THE CENTER FOR SPINAL SURGERY, | ) |
| and UNITED SURGICAL PARTNERS | ) |
| INTERNATIONAL, | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Defendant The Center for Spinal Surgery ("CSS") has filed its motion to compel and motion to extend the discovery deadline (Docket Entry No. 133). By this motion CSS seeks an order requiring the production of a flash drive for examination and an extension of the discovery deadline for the purpose of deposing Plaintiff regarding the findings of the forensic analysis of the contents of this flash drive.

Plaintiff has filed a response in opposition (Docket Entry No. 137) and CSS has filed a reply (Docket Entry No. 138).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant's motion to compel and to extend the discovery deadline should be denied.

### ANALYSIS

Plaintiff Hawkins has filed this action alleging employment discrimination based on race and unlawful retaliation by

her former employer, CSS. Hawkins, an African-American, formerly worked for CSS as an accounts payable clerk. She claims in part that CSS discriminated against her by paying her less than similarly situated white employees. CSS has denied these claims.

Discovery has established that while employed by CSS Hawkins obtained certain confidential payroll information from CSS without authorization, and later supplied such information to the Equal Employment Opportunity Commission ("EEOC") in support of her charge of discrimination.

During Defendants' second discovery deposition of Hawkins on March 17, 2014, Hawkins testified that she had copied these CSS records on an electronic storage device commonly called a "flash drive." This flash drive is the subject of Defendant CSS's current motion.

Rule 26(b) of the Federal Rules of Civil Procedure provides in general that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The Advisory Committee notes to the 2006 amendment to Rule 34, which address inspection of certain types of storage devices for electronically stored information, state in part as follows:

> The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Courts also have exercised caution in requiring mirror imaging of computers or inspection of physical computer hard drive without demonstrated good cause to do so. *See Ameriwood Industries, Inc. v. Liberman*, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006). For example, a party may not inspect the physical hard drive of a computer merely because the party wants to search for additional document responses to the party's document requests. *McCurdy Group v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001) (holding that skepticism concerning whether a party has produced all responsive, nonprivileged documents from certain hard drives is an insufficient reason standing alone to warrant production of the hard drive). However, Courts have recognized that discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive. *Simon Prop. Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000).

Defendant CSS argues here that a forensic examination of the subject flash drive is relevant to CSS's after-acquired evidence defense. In summary, CSS asserts that Plaintiff's

unauthorized taking of confidential payroll information would have been an independent ground for Plaintiff's termination and therefore is a defense for CSS in this case. In response, Plaintiff Hawkins argues that the evidence is insufficient to establish the elements of an after-acquired evidence defense for CSS. The undersigned Magistrate Judge declines to rule on whether the after-acquired evidence defense is available to CSS in this case on the ground that such a determination would better be made following a more thorough development and presentation of evidence.

Next, CSS argues that Plaintiff's document production is likely incomplete, and that such lack of completeness amounts to a discrepancy or inconsistency justifying a forensic examination of Hawkins's flash drive. Specifically, CSS states that it provided certain payroll records to the EEOC in response to Plaintiff's charge of discrimination there. CSS states that documents it produced were labeled with Bates numbers identifying them as being produced by CSS. Later, CSS obtained documents from the EEOC pursuant to a FOIA request. Among the documents produced by the EEOC to CSS was a personnel action form for employee Lindsey Patterson dated August 17, 2010. The copy obtained from the EEOC did not appear to bear the Bates number placed on the same document produced to the EEOC by CSS. According to CSS, Plaintiff's response to production of documents did not include this particular

document, suggesting to CSS that Plaintiff Hawkins had provided this document to the EEOC but failed to produce this same document in response to discovery requests by CSS.

The undersigned has compared the two copies of the subject document appearing in this record (Docket Entry Nos. 134-4 and 134-5). If one places these two documents one on top of the other and then holds both documents up to a light, it appears evident that these two exhibits were copied at different levels of magnification, so that the printed portion of Docket Entry 134-5 is larger than the printed portion of Docket Entry 134-4. When one then attempts to align the printed portion of both copies, it appears that the CSS Bates number (CSS 0045) has merely been cut off of the bottom of Docket Entry No. 134-5 during the course of copying. For this reason, the undersigned Magistrate Judge finds that these copies, when compared to each other, do not support a conclusion that they are in fact different documents.

CSS next argues that it needs "to determine the date on which each stolen document was placed on the flash drive" in order to assess Plaintiff's claim that she was engaging in protected activities when she obtained the documents (Docket Entry No. 134 at 6). According to CSS, Plaintiff has testified in deposition that she obtained these confidential documents in June and July of 2010. CSS has offered no evidence suggesting that this testimony is false

or inaccurate. The undersigned Magistrate Judge finds that a forensic examination of the flash drive to confirm the exact dates when documents are placed on the device is not justified by the evidence of this case.

Finally, CSS argues that a forensic analysis of the flash drive "may disclose whether Plaintiff transmitted the stolen documents to third parties, or whether she deleted any document from the flash drive before producing documents to Defendant" (Document Entry 134 at 7). Other than the documents which Plaintiff has testified she provided to the EEOC, CSS has offered no evidence to suggest that Plaintiff transmitted these documents to third parties or that she deleted any document before producing documents in response to discovery in this case.

In her motion papers, Plaintiff Hawkins states that she has already been deposed twice by defense counsel, on August 28, 2013, and again on March 17, 2014. Moreover, she asserts that she produced paper copies of all documents related to CSS from the flash drive in response to Defendant's first request for production of documents. In addition after defense counsel later expressed skepticism concerning whether Plaintiff had made a complete production of relevant documents contained on the flash drive, defense counsel states that he personally obtained the flash drive, examined all files contained on the device, and again copied and

produced to CSS all documents related to CSS on the device (Docket Entry No. 137 at 4).

For the reasons stated above, the undersigned Magistrate Judge finds that CSS has failed to demonstrate good cause for requiring a forensic analysis of the subject flash drive and for extending the discovery deadline to permit a third discovery deposition of Plaintiff Hawkins. In addition, the undersigned finds that CSS has known at least since Plaintiff's second discovery deposition about the existence of this flash drive. Although this deposition was apparently taken on March 17, 2014, CSS waited for over one year to file a motion to compel production of the flash drive. This case is currently set for trial on July 14, 2015, and the relief that CSS seeks necessarily would require a continuance of the trial date. For this additional reason, the undersigned finds that the motion to compel and to extend discovery deadline should be denied.

It is so **ORDERED**.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge