UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEMICA D. HAWKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil No. 3:12-cv-01125 |
| v. | ) | Judge Sharp |
| | ) | |
| THE CENTER FOR SPINAL SURGERY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum

Pending before the Court is Defendant, The Center for Spinal Surgery's, Motion to Dismiss Plaintiff's Section 1981 Claim for Retaliation (Docket No. 165) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Demica D. Hawkins, has responded in opposition (Docket No. 183). For the reasons that follow, Defendant's motion will be denied.

### I. FACTUAL BACKGROUND

In her Second Amended Complaint, Plaintiff asserted claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Section 1981 of the Civil Rights Act of 1886, 42 U.S.C. § 1981 ("§ 1981"), and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101(a)(1). Plaintiff also alleged claims for pregnancy discrimination and violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

1

On June 6, 2014, Defendant filed its Renewed Motion for Summary Judgment as to all matters in the complaint. (Docket No. 76). On July 29, 2014, the Court entered a Memorandum Opinion granting in part, and denying in part Defendant's motion. (Docket No. 102). In the opinion, the Court held that the only claims that would proceed to trial in this case were Plaintiff's claims for retaliation related to the filing of this lawsuit and FMLA interference. With regard to Plaintiff's discrimination claims, the Court specifically found that Plaintiff "has failed to make out a prima facie case of race discrimination." (Docket No. 102 at 22).

## II. ANALYSIS

As a general rule, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Gone To The Beach, LLC v. Choicepoint Servs., Inc., 434 F. Supp. 2d 534, 537 (W.D. Tenn. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Defendant moves to dismiss Plaintiff's § 1981 retaliation claim. In support of its position, Defendant cites Third Circuit case law, holding that in order to establish a § 1981 claim, a plaintiff must demonstrate an underlying § 1981 violation. Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 798 (3rd Cir. 2010); see Ellis v. Budget Maintenance, Inc., 25 F.Supp.3d 749, 754 (E.D. Penn. 2014) (where plaintiff did not bring a § 1981 race discrimination claim, his

2

retaliation claim based on his complaints regarding four swastikas drawn on the wall of the janitor's closet where he worked was dismissed for failure to demonstrate an underlying § 1981 violation). According to Defendant, Plaintiff cannot establish an underlying violation because her § 1981 racial discrimination claim was dismissed following Defendant's motion for summary judgment.

In response, Plaintiff argues that the Sixth Circuit does not require a plaintiff to demonstrate an underlying violation; rather, Plaintiff is only required to establish the traditional elements of retaliation. See Herrera v. Churchill McGee, LLC, 545 F. App'x 499, 501 (6th Cir. 2013) ("A plaintiff may make a prima facie case of retaliation by showing that (1) he engaged in protected activity, (2) the activity was known to the defendant, (3) the plaintiff was subjected to a materially adverse action, and (4) there was a causal connection between the protected activity and the adverse action.")

This Court agrees. The Court has found no cases, and Defendant has cited none, in which the Sixth Circuit has held that a plaintiff in a retaliation suit must establish an underlying § 1981 violation in order to establish a § 1981 retaliation claim. See Herrera, 545 F. App'x at 501 (listing the elements that the plaintiff must establish in order to make out a prima facie case of § 1981 retaliation and failing to list the requirement that the plaintiff demonstrate an underlying violation); Harris v. Metro. Gov't of Nashville & Davidson Cnty., Tenn., 594 F.3d 476, 485 (6th Cir. 2010) (same). See also, Ellis, 25 F.Supp.3d at 757 (conducting a survey of other circuits and concluding that the Sixth Circuit, as seen in Harris, 594 F.3d at 485, does not require a plaintiff to demonstrate an underlying § 1981 violation to maintain a claim for retaliation)). The Court declines to depart from the law in this circuit by adding an extra item onto the list of elements required to establish a prima facie case.

Defendant's reliance on Third Circuit case law is misplaced. Decisions from other circuits are not binding on this court. See Moldowan v. City of Warren, 578 F.3d 351, 381 n. 9 (6th Cir. 2009). Moreover, although opinions from sister courts may constitute persuasive authority, the Court does not find the Oliva opinion and its progeny persuasive in this instance. The Supreme Court case on which Oliva relies, CBOCS West, Inc. v. Humphries, 553 U.S. 442, 452 (2008), does not support the Oliva court's determination that there must be an underlying § 1981 violation in order to establish a § 1981 retaliation claim. See Oliva, 604 F.3d 788, 798 (citing CBOCS, 553 U.S. at 452). Instead, it merely finds that § 1981 encompasses claims of retaliation, and does not specify the elements required to establish a prima facie case. See CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008).

Additionally, the Court notes that it appears the Third Circuit is the only circuit that requires such a showing. See Ellis, 25 F.Supp.3d at 757 (after conducting a survey of other circuits, the court concluded that "the Third Circuit is alone in its judgment to require evidence of an underlying violation.") Because no other circuits have adopted similar holdings, the Court does not find the Third Circuit case law cited by Defendant persuasive. Cf., Moldowan, 578 F.3d 351, 381 (6th Cir. 2009) (finding case law of other circuits persuasive when virtually all circuits had come to the same or similar conclusions).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 165) will be denied.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE