UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEMICA D. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil No. 3:12-cv-1125 |
| v. | ) | Judge Sharp |
| | ) | |
| THE CENTER FOR SPINAL SURGERY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM

Plaintiff has filed a Motion to Quash and/or For Protective Order ("Motion") regarding a subpoena (Docket No. 184-1) that Defendant issued on July 9, 2015. (Docket No. 191.) The Court will deny Plaintiff's Motion.

Federal Rule of Civil Procedure 26 allows a court to issue an order "limit the. . . extent of discovery." FED. R. CIV. P. 26(c)(1). That rule also gives a court the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" during discovery. Id. However, a court should issue a protective order only upon a showing of good cause. Id.

Plaintiff has not made such a showing. In fact, Plaintiff has filed nothing at all to accompany the motion; she has not even attached a memorandum of law setting out a legal standard. Instead, Plaintiff's Motion simply claims to "incorporate by reference Defendant's own arguments" from a memorandum of law that Defendant submitted in support of an earlier motion to quash. (Docket No. 191, p. 1.) This is an insufficient—and frankly, bizarre—way to attempt to show cause.

1

Moreover, the documents sought in Defendant's subpoena—employment records from Plaintiff's current employer—had already been requested during discovery. (Docket No. 196-1, p. 3.) Defendant's First Document Request had asked for any "résumés, cover letter, applications for employment, letters of recommendation, letters of offers, rejections, or acceptances." (Docket No. 196-1, p. 3.) Plaintiff failed to produce some of the documents listed in the First Document Request before the end of discovery. Producing the documents now would fulfill Plaintiff's original discovery obligations. Save on Energy Sys., Inc. v. Energy Automation, 2009 WL 2973000, at *1–2 (M.D. Tenn. Sept. 10, 2009) (denying motion to quash when movant had notice of the discovery request for months, but had not produced the requested material).

There is no reason to quash Defendant's subpoena. All of the documents sought in the subpoena are discoverable,[1] they all have been previously requested, and Plaintiff is under a continuing obligation to produce them. See, e.g., Moore v. Weinstein Co. LLC, 2012 WL 1657968, at *4 n.9 (M.D. Tenn. May 11, 2012) (noting that "plaintiffs were under a continuing obligation to provide timely, accurate, and complete responses to discovery").

Accordingly, the Court DENIES Plaintiff's motion. An appropriate order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] Courts in this circuit have been reluctant to quash subpoenas that related to employment records in employment-discrimination cases. See, e.g., Levitin v. Nationwide Mut. Ins. Co., 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012) ("This Court and other trial courts within the Sixth Circuit have likewise concluded that these types of records from . . . employers are discoverable in employment discrimination cases.") This is true even when the subpoena would produce information useful only for impeachment purposes, as Plaintiff contends this subpoena would. See also, Quinn v. Conagra Foods Packaged Foods, LLC, 2010 WL 3603780, at *1 (S.D. Ohio Sept. 10, 2010) (denying motion for protective order and noting that that "any competent crossexaminer would want to see and use" the documents sought in the subpoena).